IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TROY D. McNALLY, | § | |
| | § | No. 65, 2017 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | ID. No. 0701005246 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 1, 2017
Decided: July 7, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

### ORDER

This 7th day of July 2017, it appears to the Court that:

(1) On February 10, 2017, the appellant, Troy D. McNally, filed a notice of appeal from the Superior Court's dismissal of his second motion for postconviction relief. McNally's notice of appeal did not attach a copy of the dismissal order or identify the date of the order, as required by Supreme Court Rule 7.[1]

(2) On February 23, 2017, McNally filed an amended notice of appeal identifying the Superior Court's order of February 26, 2016 as the order on appeal.

---

[1] Del. Supr. Ct. R. 7(c)(3).

In a letter submitted with the amended notice of appeal, McNally asserted that he was unaware that the Superior Court had dismissed his postconviction motion.

(3)     To invoke this Court's appellate jurisdiction, a notice of appeal in a postconviction proceeding must be received by the Clerk[2] "[w]ithin 30 days after entry upon the docket" of the order sought to be reviewed.[3]  In this case, McNally's notice of appeal was untimely filed.  An appeal from the February 26 order was required to be filed on or before March 28, 2016.

(4)     On February 23, 2017, the Clerk issued a notice directing McNally to show cause why the appeal should not be dismissed.  In response to the notice, McNally asserts that he was not notified of the dismissal of his postconviction motion until February 2017, when he received a copy of the Superior Court docket sheet from the Clerk of this Court.  McNally asks this Court to "check the Superior Court's docket entry" to confirm that the February 26 order was not sent to him, and he asks the Court to accept the untimely appeal.  The State asserts that "th[e] appeal should be dismissed as both untimely and as procedurally barred."

(5)     The Court has considered the parties' submissions and reviewed the Superior Court docket and February 26 order.  The distribution list on the February 26 order reflects that the order was mailed to McNally at the James T. Vaughn

---

[2] Del. Supr. Ct. R. 10(a).
[3] Del. Supr. Ct. R. 6(a)(iv).

2

Correctional Center. Neither the Superior Court docket nor the February 26 order supports McNally's contention that the Superior Court failed to send him the dismissal order.

(6)    Under Delaware law and procedure, "[t]ime is a jurisdictional requirement."[4]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel and not to the appellant, an untimely appeal cannot be considered.[5]  In this case, McNally has not demonstrated that his failure to file a timely notice of appeal is attributable to court-related personnel.  This case does not fall within the exception to the general rule that mandates the timely filing of an appeal.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

_James T. Vaughn_
Justice

---

[4] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

3